

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,618-01

### EX PARTE DARRICK EDWARD ROSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 26619A-1 IN THE 278th DISTRICT COURT
### FROM WALKER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his conviction. *Ross v. State*, No. 10-14-00219-CR (Tex. App.—Waco Apr. 9, 2015) (not designated for publication).

Applicant contends that his plea was involuntary because the trial court did not ensure he understood the punishment range in this case and that he was competent to enter his open plea of guilty. Applicant further alleges his plea was rendered involuntary due to the ineffective assistance

of trial counsel. Specifically, Applicant alleges trial counsel was ineffective for:

A. Coercing Applicant into pleading guilty when the evidence was insufficient;

B. Failing to perform an independent investigation which would have led him to the discovery that Applicant was not present at the scene of the crime;

C. Failing to interview witnesses, after which he would have "discovered my innocence";

D. Failing to object to prejudicial questions/statements by the prosecutor;

E. Failing to advise Applicant he could be sentenced to life imprisonment as a result of his open plea of guilty;

F. Erroneously advising Applicant "he could get me under 15 years" in exchange for an open plea of guilty; and

G. Failing to speak with defense witnesses prior to calling them to testify on Applicant's behalf.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 14, 2016
Do not publish